UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kathy D. Holler,

    Plaintiff,

    v.    Case No. 1:06cv405

Hartford Life and Accident    Judge Michael R. Barrett
Insurance Co.,

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R&R") that (1) Plaintiff Kathy Holler's Motion for Judgment as a Matter of Law be denied; (2) Judgment be entered in favor of Defendant Hartford Life and Accident Insurance Company ("Hartford"); and this case be closed. (Doc. 24)

The Parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  Plaintiff Holler filed timely Objections to the R&R. (Doc. 26)  Defendant Hartford filed a Response to Plaintiff's Objections. (Doc. 27)  This matter is now ripe for review.

**I.**    **BACKGROUND**

This action is the second action in a series of three actions brought by Holler against Hartford. All three actions concern Holler's application for long term benefits under a group insurance policy issued by Hartford.

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

In October of 1999, Holler first applied for long term benefits. Hartford approved Holler's claim initially, but later determined that she no longer met the requirements for total disability, and terminated her benefits in December of 2000. (Admin. Record 901-908) This decision was upheld upon administrative review. (Id. at 84) Holler sought judicial review of that decision in the first action, *Kathy Holler v. Hartford Life and Accident Insurance Co.*, Case No. 1:04cv37. On October 26, 2005, this Court found that Hartford's decision to terminate benefits was arbitrary and capricious and entered judgment in favor of Holler. Because Holler's claim was still within the first thirty-six months, the judgment only addressed the decision of whether Holler was prevented from performing the essential duties of her own occupation.

Holler alleges that after her benefits were terminated, she was compelled by her financial circumstances to liquidate her retirement account. In July of 2001, Holler received a one-time payment of $8,542.42.

Holler applied for, and was awarded benefits from the Social Security Administration. In July of 2001, Holler received a lump payment sum of $21,300.25 from the SSA for back benefits for herself and her two dependent children. Holler also began receiving monthly SSA benefits of $1,439.00 each month.

Under the long term disability policy:

Other Income Benefits mean the amount of any benefit for loss of income, provided to you or to your family, as a result of the period of Disability for which you are claiming benefits under this plan. This includes any such benefits for which you or your family are eligible or that are paid to you, to your family, or to a third party on your behalf, pursuant to any:

….

(6) disability benefits under:

>> (a) the United States Social Security Act …
>
> ….
>
> Other Income Benefits also mean payments that are made to you, your family, or to a third party on your behalf, pursuant to any:
>
>> …
>>
>> (4) retirement benefit from a Retirement Plan that is wholly or partially funded by employer contributions, unless:
>>
>>> (a) you were receiving it prior to becoming Disabled; or
>>> (b) you immediately transfer the payment to another plan qualified by the United States Internal Revenue Service for the funding of a future retirement.
>>
>> …
>
> If you are paid Other Income Benefits in a lump sum, we will pro-rate the lump sum:
>
>> (1) over the period of time it would have been paid if not paid in a lump sum; or
>> (2) if such period of time cannot be determined, over a period of 60 months.
>
> The Hartford may make a retroactive allocation of any retroactive Other Income Benefit payments.

(Admin. Rec. at 6)  According to Hartford, under this provision, the payments it owes to Holler should be reduced by both the pension and SSA benefits paid to Holler.  Hartford explains that after the offset for the SSA benefits is made from the amount Hartford already paid Holler, Hartford overpaid Holler by $1,317.74 for the "own occupation" period. Hartford explains that the offset for the pension benefits results in an additional overpayment of $2,201.99.  Therefore, Hartford claims that it owes no additional payments to Holler for the "own occupation" period, and instead, Holler owes Hartford $3,519.73 in overpayments.

Holler challenges this interpretation of the policy, and following an administrative

review where Hartford upheld its decision, Holler filed the instant action. Holler brings a claim pursuant to ERISA, 29 U.S.C. § 1132(a). Holler claims that Hartford erred in deciding to offset her long term disability benefits by the amount of her pension benefits because at the time she applied for and received those benefits, she was not receiving monthly benefits from Hartford. Holler argues that the offset provision applies only when a participant is actually receiving monthly benefits and that, due to the erroneous finding that she did not meet the requirement for total disability, she was not receiving monthly benefits. Holler argues further that, but for the decision to terminate her disability benefits, she would not have closed out her retirement account.

Holler filed the third action, Case No. 1:06cv764, after Hartford found that she did not meet the definition of disabled for the "any occupation" period, which commenced after the end of the 36-month, "own occupation" period. That action is still pending before this Court.

## II.  MAGISTRATE JUDGE'S R&R

The Magistrate Judge found that based on all the evidence that was before Hartford at the time it made the decision to offset Holler's disability benefits by the amount of her pension benefits, that decision was not arbitrary or capricious. The Magistrate Judge found that there is no evidence to support Holler's claim that the offset provision does not apply unless the employee is actually receiving monthly benefits. The Magistrate Judge noted that the policy states simply that the monthly benefit is the amount "payable," and Holler does not dispute that the monthly benefits were payable to her in July of 2001 when she received the lump sum payment of pension benefits.

Holler objects to the Magistrate Judge's R&R for the following reasons: (1) the

Magistrate Judge failed to interpret the policy provision entitled "Calculation of Monthly Benefits" which illustrates that the offset provision does not apply in a case such as this where monthly benefits are never made, but wrongly withheld; (2) if Hartford had been paying the monthly benefits to which Holler was entitled, Holler would have never withdrawn money from her pension plan; and (3) Holler is entitled to equitable relief.

In response, Hartford argues that Holler is asking the Court to order equitable relief that is inconsistent with the unambiguous terms of the policy. Hartford argues further that there is no basis for ordering such equitable relief.

### III. ANALYSIS

There appears to be no dispute that the Magistrate Judge was correct in applying the arbitrary and capricious standard of review. "This standard 'is the least demanding form of judicial review of administrative action. . . . When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious.' " *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006), *quoting Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998). However, even though the standard is deferential, it is not a rubber stamp for the administrator's determination. *Elliott v. Metropolitan Life Ins. Co.*, 473 F.3d 613, 617 (6th Cir. 2006), *citing Jones v. Metro. Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004).

Holler points to the provision in the policy entitled "Calculation of Monthly Benefit" to support her argument that the offset provision does not apply:

> **How are benefits calculated for Total Disability?**
>
> If you are Disabled after the Elimination Period, your Monthly Benefits will be calculated as follows:

> (1) Multiply your Monthly Rate of Basic Exchange by the Benefit Percentage shown in the Schedule of Insurance;
> (2) Identify the Maximum Benefit shown in the Schedule of Insurance;
> (3) Compare the amounts determine in items (1) and (2) above and from the lesser amount subtract all Other Income Benefits.

(Admin. Rec. at 13)  The Court notes that there is nothing in the above language which directly support's Holler's position.  Holler instead relies heavily upon the term "monthly," and argues that only when payments are actually being made on a monthly basis can Other Income Benefits be subtracted in calculating the Monthly Benefit.  However, as the Magistrate Judge noted, the policy defines the Monthly Benefits as "a monthly sum payable to you while you are Disabled, subject to the terms of the Group Insurance Policy." (Id. at 5)  Monthly Benefits are not defined as "a monthly sum paid," but merely those benefits which are payable.  Therefore, the Court finds that the Magistrate Judge did not err in concluding that Hartford's decision to offset the amount of her benefits by the amount Holler received in pension benefits was not arbitrary and capricious.  While Holler argues that if Hartford had been paying Holler her benefits on a monthly basis, she would have never withdrawn money from her retirement account, the Court find that this allegation, even if proven true, has no bearing on whether Hartford's decision was arbitrary and capricious.

Finally, Holler argues that she is entitled to equitable relief in the form of restitution.  Under ERISA, a court is authorized to award a plaintiff "appropriate equitable relief."  29 U.S.C. § 1132(a)(3).  The Supreme Court has explained that in this context, "equitable relief" refers to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993).  However, as the Supreme Court has also

explained "[a]lmost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Crosby v. Bowater Inc. Retirement Plan for Salaries Employees of Great Northern Paper, Inc.*, 382 F.3d 587, 594 (6th Cir. 2004), *quoting Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting), as quoted with approval in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002).

The Court finds that even though Holler characterizes her remedy as being a form of restitution, Holler is in fact seeking compensatory damages, which is not "appropriate equitable relief" under section 1132(a)(3). Holler is seeking to impose personal liability on Hartford; and not seeking to recover particular property or particular identifiable funds in Hartford's possession. *See Knudson*, 534 U.S. at 215 ("The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable-the imposition of a constructive trust or equitable lien on particular property-but legal-the imposition of personal liability for the benefits that they conferred upon respondents."). Therefore, the Court finds that even if Holler were entitled to such relief, such a remedy is not authorized under ERISA.

## IV.     CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the Magistrate Judge's R&R (Doc. 24)

is hereby **ADOPTED** and it is hereby **ORDERED** that:

1. Plaintiff Kathy Holler's Motion for Judgment as a Matter of Law (Doc. 21) be **DENIED**;

2. Judgment be entered in favor of Defendant Hartford Life and Accident Insurance Company; and

3. This case be **CLOSED**.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                      Michael R. Barrett, Judge
                                      United States District Court